Anthony J. Mercorella, J.
Plaintiff, payor bank, seeks summary judgment pursuant to CPLR 3212.
It is alleged that defendant breached warranties of good title pursuant to section 4-207 of the Uniform Commercial Code in that as collecting bank it guaranteed prior indorse *338 ments on several checks before transferring same to plaintiff as payor bank. In fact the checks bore no indorsement of the payees therein named. The defense is that none of the checks indicated that payees’ indorsements were required and that the checks were intended to be made payable to E.C.O Industries and as such were credited to that account although the payees’ name was not stated as E.C.O. Industries. Moreover, the defense further avers that the maker of these checks did not intend the named payees to have any interest in said checks but were in fact fictitious payees.
There is no doubt that the checks are "order instruments” within the meaning of section 3-110 of the Uniform Commercial Code and as such could only be negotiated by indorsement and delivery. The collecting bank in guaranteeing prior indorsements also warranted that it had good title in this case where there were missing indorsements. The payor bank is entitled to no less protection from the collecting bank and had every reasonable expectation that the collecting bank had good title to the checks. Unavailing is the defendant’s contention that pursuant to section 4-205 it supplied the missing indorsements by indicating on the checks that the items were credited to the customer’s account as the fictitious payees were not customers of the collecting bank within the definition contained in section 4-104 of the Uniform Commercial Code.
Finally the attempt to create an issue of fact with regard to the alleged negligence of the plaintiff in making payment against nonexistent funds is similarly rejected. Section 4-401 of the Uniform Commercial Code expressly permits the payor bank to charge the account of a customer, even though said charge creates an overdraft. The fact remains that proper banking procedures cannot be ignored and that a bank’s liability should not be limited to these cases which do not arise merely out of a "technical” oversight. Especially where such oversights result in the denial of rights of the aggrieved payor bank to proceed against others. The court is persuaded by the argument contained in Continental Bank & Trust Co. v American Bank & Trust Co. of Pa. (8 UCC, Rep Serv 1092, affd 217 Pa Super Ct 371) relied upon by the movant where summary judgment was granted in case where one of two required indorsements was missing.
Accordingly, the court perceives no factual issues to be determined and that the affirmative defenses are insufficient *339 as a matter of law, and judgment is awarded plaintiff in the sum of $5,076 together with interest, costs and disbursements.